UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MADELAINA CHRISTINE GILES,

   Plaintiff,

v.                                  Case No.:  8:22-cv-1035-DNF

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.
_____

# OPINION AND ORDER

Plaintiff Madelaina Christine Giles seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I. **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

A. **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C.     **Procedural History**

Plaintiff filed an application for a period of disability and disability insurance on January 21, 2020, alleging disability beginning on November 22, 2019. (Tr. 96, 170-71). The application was denied initially and on reconsideration. (Tr. 96, 97). Plaintiff requested a hearing, and on February 22, 2021, a hearing was held before

Administrative Law Judge John Dawkins ("ALJ"). (Tr. 28-80). On August 23, 2021, the ALJ entered a decision finding Plaintiff not under a disability from November 22, 2019, through the date of the decision. (Tr. 11-22).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on March 24, 2022. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on May 3, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2024. (Tr. 13). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 22, 2019, the alleged onset date. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: "obesity, fibromyalgia, rheumatoid arthritis (RA), degenerative disc disease (DDD) of the lumbar and cervical spine, neuropathy, tendonitis, and major depressive disorder." (Tr. 13). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 13).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) with limitations. The claimant can use her upper extremities for reaching, grasping, and performing fine manipulation tasks no more than frequently. The claimant can crawl, crouch, kneel, stoop, balance, and climb ramps and stairs no more than occasionally. The claimant can never climb ladders, ropes, or scaffolds. The claimant must not work around temperature extremes or hazards such as moving machinery and unprotected heights. The claimant can understand, remember, carry out, and maintain persistence for work duties that are detailed when combined but made up of simple tasks requiring only common-sense understanding. The claimant must not work with the general public.

(Tr. 15).

At step four, the ALJ determined that Plaintiff was not capable of performing past relevant work as: a condominium manager; manager–apartment house or complex; telephone operator; and medical assistant. (Tr. 20). At step five, the ALJ found that considering Plaintiff's age (41 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 21). The vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1)   housekeeping cleaner, DOT 323.687-014, light, unskilled, SVP 2

(2)   router, DOT 222.587-038, light, unskilled, SVP 2

  (3) marker, DOT 209.587-030, light, unskilled, SVP 2

(Tr. 22). The ALJ concluded that Plaintiff had not been under a disability from November 22, 2019, through the date of the decision. (Tr. 22).

## II. Analysis

On appeal, Plaintiff raises three issues. As stated by Plaintiff, they are: (1) whether the ALJ in his RFC assessment properly assessed treating physician Dr. Martinez's opinion; (2) whether the ALJ's failure to acknowledge Dr. Martin's limitation of Plaintiff elevating her legs to prevent swelling was proper; and (3) whether the ALJ's finding that Plaintiff's allegations of limitations were inconsistent with the medical evidence is supported by substantial evidence. (Doc. 19, p. 13, 16, 17). The Court begins with the third issue.

### A. Subjective Complaints

Plaintiff argues that the ALJ erred in finding that after review of the medical evidence, the evidence did not establish that Plaintiff's impairments were as disabling as she alleged. (Doc. 19, p. 18). Plaintiff claims that some of the ALJ's factual findings were incorrect or unsupported by substantial evidence. (Doc. 19, p. 18). One such argument challenges whether the ALJ properly considered Plaintiff's fibromyalgia impairment. (Doc. 19, p. 20).

Generally, a claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794

F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are

the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

Focusing on Plaintiff's argument as to fibromyalgia, this condition is "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissue that has persisted for at least 3 months. SSR 12-2p, 2012 WL 3104869, *2 (July 25, 2012). The Eleventh Circuit has recognized that fibromyalgia is a unique impairment because it "'often lacks medical or laboratory signs and is generally diagnosed mostly on a[n] individual's described symptoms.'" *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "Because the 'hallmark' of fibromyalgia is a 'lack of objective evidence,' a claimant's subjective complaints may be the only means of determining the severity of the claimant's condition and the functional limitations she experiences." *Id.* (citing *Moore*, 405 F.3d at 1211). An ALJ's decision is subject to reversal when the ALJ relies on lack of objective findings as a basis for an adverse decision. *Id.*

The Social Security Administration promulgated SSR 12-2p to provide guidance on how to determine whether a person has a medically determinable impairment of fibromyalgia and how it will evaluate this impairment in a disability claim. SSR 12-2p, 2012 WL 3104869 (July 25, 2012); *Francis v. Saul*, No. 8:18-cv-2492-SPF, 2020 WL 1227589, *3 (M.D. Fla. Mar. 13, 2020). The ruling informs ALJs in how to consider fibromyalgia in the five-step process. SSR 12-2p, 2012 WL 3104869 (July 25, 2012).

The ruling requires an ALJ to consider all relevant evidence in the case and all of a claimant's medically determinable impairments, including those that are not severe when making an RFC determination. SSR 12-2p at *6. "For a person with fibromyalgia, an ALJ must consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* An ALJ must consider widespread pain and other symptoms associated with fibromyalgia such as fatigue that may result in exertional and non-exertional limitations, which prevent a person from doing a full range of unskilled work. *Id.* If the objective medical evidence does not support a claimant's statements about the intensity, persistence, and functionally limiting effects of symptoms, then an ALJ must consider a claimant's daily activities, medications, or other treatments the person uses or used to alleviate symptoms, the

nature and frequency of a claimant's attempt to obtain medical treatment for the symptoms, and statements by other people about the claimant's symptoms. *Id.* at *5.

In the decision, the ALJ found Plaintiff's fibromyalgia to be a severe impairment. (Tr. 13). The ALJ also found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 15-16). Despite finding fibromyalgia to be a severe impairment, the ALJ only mentioned Plaintiff's fibromyalgia a few times:

> Also in February 2020, records from the Florida Arthritis and Osteoporosis Center note moderate pain all over that had been going on for many years. Examination findings were positive for multiple tender points and decreased range of motion in all joints, and were otherwise negative. Assessments were pain in unspecified joint, rheumatoid arthritis, fibromyalgia, other fatigue, and chronic pain syndrome (Exhibit 9F). . . .
>
> In May 2020, records from Soni Family Practice show normal findings on physical examination apart from obesity. Assessments included anxiety, depressive disorder, fibromyalgia, irritable bowel syndrome, rheumatoid arthritis, chronic pain, and obesity (Exhibit 12F).

(Tr. 17, 18). These brief summaries constituted the only mention of Plaintiff's rheumatologist Abdul Lodhi, M.D..'s records related to her fibromyalgia pain complaints even though he treated her from at least February 2019 through February 2020. (*See* Tr. 568-87).

The ALJ summarized the objective medical evidence finding "such evidence does not establish that the claimant's impairments are disabling in nature or prevent her from performing work in accordance with the residual functional capacity assessment set forth above." (Tr. 19). The ALJ explained that Plaintiff's impairments cause some tenderness, limitation of motion, and decreased sensation, but the medical records limited her treatment to pain medication and chiropractic adjustments, with no indication that surgery was suggested. (Tr. 19). He also explained that she ambulated without an assistive device, had full muscle strength, and objective medical evidence failed to establish significant difficulty using her hands and fingers to perform fine and gross manipulative tasks. (Tr. 19). "Additionally, diagnostic imaging has not established the presence of any condition that would be expected to prevent all work. The undersigned finds that this evidence is consistent with an ability to perform light exertional work with additional limitations . . . " (Tr. 19).

The ALJ then discussed Plaintiff's subjective complaints:

> The undersigned finds that her testimony provided at the hearing is not necessarily contradictory with a sedentary exertional level with limitations on the use of her hands, but her activities of daily living are in excess of what would be expected in light of her testimony. In this regard, the record indicates that she is still the primary homemaker for her family, is able to drive to visit her sister and pick up groceries, performs some cleaning tasks, provides care for her 5-year-old and her 10-year-old, and participates in parent-teacher conferences.

(Tr. 19).

Assuming – as the ALJ did – that the objective medical evidence does not support Plaintiff's statements, then for fibromyalgia, the ALJ must also consider Plaintiff's daily activities, medications, or other treatments used to alleviate her symptoms, and the nature and frequency of her attempts to obtain medical treatment. *See* SSR 12-2p at *5. The ALJ failed in this task.

The ALJ considered Plaintiff's daily activities of driving, picking up groceries, performing some cleaning, providing care for her two children, and participating in parent-teacher conferences. (Tr. 19). Even so, the ALJ did not include how Plaintiff accomplishes these activities. She lives at her parents' house with a disabled husband and two children. (Tr. 60). She orders groceries online, goes to grocery pickup, brings them home, has help putting them away, and then must rest because of back pain. (Tr. 57, 63). She cooks, but then has to sit because of pain in her back and legs before she can do dishes. (Tr. 57). She tries to tidy her portion of the house, but it is hard for her. (Tr. 61). In her free time, she mainly rests by lying down, such as when the kids are at school. (Tr. 63). Her mother also helps with the kids when she has to lie down. (Tr. 50). The ALJ's reliance on these activities does not discount Plaintiff's subjective complaints about fibromyalgia. *See Harrell v. Colvin*, No. CIV.A. 2:13-00056-N, 2013 WL 6386674, at *14 (S.D. Ala. Dec. 6, 2013) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir.1997) ("Nor do we

believe that participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability or is inconsistent with the limitations recommended by Lewis's treating physicians."); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir.1986) (when considering daily activities, the entire record must be considered, including the claimant's testimony that she had to lie down after two hours of such work); *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir.1995)).

In addition, the ALJ barely mentioned Plaintiff's treatment for fibromyalgia. Plaintiff saw rheumatologist Dr. Lodhi about seven times from February 2019 through February 2020. (Tr. 568-587). He initially assessed Plaintiff with pain in unspecified joints, and rheumatoid arthritis. (Tr. 586-87). In August 2019, he added an assessment for fibromyalgia and prescribed medication for her. (Tr. 582). At each examination, he found multiple tender points and prescribed medications. (Tr. 568-69, 571-72, 574-75, 577-78, 581-82, 584, 586). Plaintiff testified she had some side effects from her medications, such as fatigue, but the ALJ ignored this testimony. (Tr. 49, 53). The ALJ's only mention of pain medication was in support of his assertion that Plaintiff received conservative treatment. (Tr. 19). The ALJ also arguably ignored Plaintiff's other attempts at treatment, such as physical therapy, heat, ice, tiger balm, Biofreeze, Bengay, muscle relaxants, and a tens unit with no relief. (Doc. 19, p. 19; Tr. 367).

Further, a determination that Plaintiff's fibromyalgia is a severe impairment means that it significantly limits a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 404.1522(a); *Raduc v. Comm'r of Soc. Sec.*, 380 F. App'x 896, 898 (11th Cir. 2010) ("By definition, a severe impairment limits significantly a claimant's ability to do basic work activities."). Here, the ALJ acknowledged that Plaintiff's fibromyalgia along with her other impairments "significantly limit the ability to perform basic work activities as required by SSR 85-28." (Tr. 13). But in discussing Plaintiff's medical records, the ALJ largely disregarded Plaintiff's fibromyalgia treatment records and failed to properly consider her subjective complaints about this impairment. Thus, it is unclear whether the ALJ accounted for this severe impairment in the RFC. *See Battles v. Colvin*, No. 8:15-cv-339-T-33TGW, 2016 WL 3360428, *3 (M.D. Fla. May 20, 2016), *report and recommendation adopted sub nom. Battles v. Comm'r of Soc. Sec.*, No. 8:15-cv-339-T-33TGW, 2016 WL 3258423 (M.D. Fla. June 14, 2016).

In sum, the ALJ erred in consideration of Plaintiff's fibromyalgia. He did not comply with SSR 12-2p, relied heavily on objective evidence, and did not properly account for Plaintiff's activities of daily living. Substantial evidence does not support the ALJ's subjective complaint determination and thus the RFC assessment. Therefore, remand is warranted to reconsider Plaintiff's fibromyalgia.

**B.     Remaining Issues**

Plaintiff also challenges whether the ALJ properly assessed the opinions of Robert Martinez, M.D. and Samuel P. Martin, M.D. Because this action is remanded to reconsider Plaintiff's fibromyalgia, the Commissioner is directed to reevaluate the records of Drs. Martinez and Martin, along with all of the medical and other evidence of record.

**III.    Conclusion**

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's fibromyalgia, and the medical records of Drs. Martinez and Martin, along with all of the medical and other evidence of record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 24, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties