UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MADELAINA CHRISTINE GILES,

    Plaintiff,

v.                                                                          Case No.:  8:22-cv-1035-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

This cause is before the Court on Plaintiff Madelaina Christine Giles' Amended Uncontested Motion to Allow Filing of Motion for Attorney's Fees Out of Time (Doc. 29) and Amended Uncontested Motion for Attorney's Fees (Doc. 28), both filed on October 26, 2023. Plaintiff requests that the Court allow her to file a motion for attorney's fees out of time and also award her attorney fees of $6,123.32 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons explained below, the Court finds that Plaintiff's requests will be **GRANTED**.

For Plaintiff to receive an award of fees under EAJA, these five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the

Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that the five conditions are met.

The only condition that raises a flag is whether Plaintiff may file an untimely motion. Under EAJA, a prevailing party must move for attorney's fees within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). On July 24, 2023, the Court entered an Opinion and Order reversing the ALJ's decision and remanding the case to the Commissioner for further proceedings. (Doc. 21). On July 25, 2023, judgment was entered. (Doc. 22). From this date, the Commissioner had sixty days to appeal the judgment. Fed. R. App. P. 4(a)(1)(b); 26(a). Thus, on September 25, 2023, the decision became final.[1] Plaintiff had thirty days from this date, or until October 23, 2023, in which to move for attorney's fees. But Plaintiff filed her original motion on October 24, 2023, one day late. (Doc. 23).

Although the Eleventh Circuit held that the timely filing of a motion for attorney's fees under EAJA is jurisdictional, *see Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990), the Supreme Court reached the opposite conclusion in

---

[1] Sixty days from July 25, 2023 is a Saturday and therefore the time extends to the following Monday, September 25, 2023. Fed. R. App. P. 26(a).

*Scarborough v. Principi*, 541 U.S. 401, 413 (2004) and held that whether a plaintiff "is time barred by § 2412(d)(1)(B) from gaining the fee award authorized by § 2412(d)(1)(A) – does not concern the federal courts' 'subject-matter jurisdiction.'" *Id.* While the Eleventh Circuit has not revisited *Myers*, a few courts in this circuit have held that the 30-day requirement is not jurisdiction and therefore equitable tolling applies. *See Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1206 (S.D. Fla. 2018), *report and recommendation adopted*, No. 16-cv-21307-KMM, 2018 WL 6620136 (S.D. Fla. Nov. 16, 2018); *Miller v. Berryhill*, No. 8:17-cv-1470-T-AAS, 2019 WL 1586733, at *1 (M.D. Fla. Apr. 12, 2019).

The Supreme Court directed courts to use equitable relief – such as equitable tolling – sparingly and have allowed equitable tolling only "'in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Woods v. Berryhill*, No. 4:16-cv-450-VEH, 2019 WL 9513011, at *3 (N.D. Ala. Apr. 8, 2019) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Supreme Court further instructed that equitable tolling does not extend to a garden variety of equitable excuses. *Id.* (citing *Irwin*, 498 U.S. at 96).

Here, Plaintiff's counsel states that she inadvertently calendared the judgment date as July 28, 2023 rather than July 25. (Doc. 29,p. 3). This reason amounts to a

garden variety excuse, and the Court hesitates to apply equitable tolling based on essentially a clerical error. *See Miller v. Berryhill*, No. 8:17-cv-1470-T-AAS, 2019 WL 1586733, at *1 (M.D. Fla. Apr. 12, 2019).

Even so, the Commissioner does not oppose either the amended motion to allow the filing out-of-time or the amended motion for attorney's fees. (Doc. 28, p. 2; Doc. 29, p. 1-2). "A court should grant a Social Security claimant's request for attorney's fees when it is unopposed." *Miller*, 2019 WL 1586733, at *1 (citing *Jones v. Colvin*, No. 8:13-cv-2900-T-33AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015)). Thus, the Court will award Plaintiff's attorney's fees under EAJA based on the Commissioner's non-opposition to the motions.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Plaintiff's counsel claims 25.95 hours in EAJA related representation of Plaintiff before this Court. (Doc. 28, p. 2; Doc. 23-1, p. 6-7).[2] After reviewing the description of services provided, the Court determines that 25.95 hours is reasonable.

---

[2] The Schedule of Hours indicates Plaintiff's counsel spent 29.5 hours in representation of Plaintiff, but the motion requests only 25.95 hours. (Doc. 23, p. 6-7). Thus, the Court will use the number of hours set forth in the motion as the Commissioner has agreed to this number.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff is requesting hourly rates of $234.95 for 2022 and $243.74 for 2023. (Doc. 28, p. 2). The Court finds these hourly rates are reasonable. Accordingly, the Court will award Plaintiff's attorney fees totaling $6,123.32.

Plaintiff also filed a Two-Tier Fee Agreement, which provides that Plaintiff assigns any fees awarded under EAJA to her attorney and requests that those fees be paid directly to counsel. (Doc. 23-1, p. 1). Rather than ordering fees be paid directly to counsel, the trend appears to be toward leaving the matter to the discretion of the Commissioner. *See Torres v. Kijakazi*, No. 6:20-cv-1471-JRK, 2022 WL 6163063, at *4 (M.D. Fla. Oct. 7, 2022) (collecting cases). The Court will follow this trend.

Accordingly, it is hereby **ORDERED**:

(1) Plaintiff's Amended Uncontested Motion to Allow Filing of Motion for Attorney's Fees Out of Time (Doc. 29) is **GRANTED**.

(2) Plaintiff's Amended Uncontested Motion for Attorney's Fees (Doc. 28) is **GRANTED**.

(3) Attorney fees totaling $6,123.32 are awarded to Plaintiff.

(4) The Commissioner may exercise her discretion to honor Plaintiff's assignment of fees to counsel if the United States Department of the Treasury determines that Plaintiff owes no federal debt.

(5) The Clerk of Court is directed to enter an amended judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on November 8, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties